SMITH, Judge.
After a trial without a jury, the circuit court found that appellee Lane and those whose prior possession of the disputed land inured to her benefit had satisfied all requisites for the acquisition of title by adverse possession without color of title. Lane was thus found to have acquired title prior to June 5, 1939, when payment of taxes became an essential element of such claims. Ch. 19S24, § 1, Fla.Laws 1939; as amended, § 95.18(1), F.S.1975. The case is governed by § 4656, C.G.L.1927.[1] Defendant Boyd appeals from the judgment, asserting that the land claimed adversely was not sufficiently identified by the evidence and that the adversity of Lane’s claim was not proved. There was substantial competent evidence supporting Lane’s claim and the trial court’s finding that she and those with whom she was in privity actually occupied and claimed adversely the triangular parcel in question, and that it was substantially enclosed by fences built first of rails and then of wire. Irrespective of any irregularities in the description of the property by Lane’s complaint or in the survey map offered in evidence, the fence line which bound the property for five decades was ascertainable at the time of trial. There was no error in preparing an accurate description of the property from the then known or ascertainable boundary markers on the ground.
AFFIRMED.
RAWLS, J., concurs.
BOYER, C. J., dissents.

. Subsection one provided: “Where it shall appear that there has been an actual continued occupation for seven years of premises under a claim of title exclusive of any other right, but not founded upon a written instrument, or a judgment or decree, the premises so actually occupied, and no other, shall be deemed to have been held adversely.” Subsection two provided in part that “land shall be deemed to have been possessed and occupied . . . [w]here it has been protected by substantial enclosure.